USDC SCAN INDEX SHEET











USA

CARLISI

ACR
3:92-CR-00026
*663*
*CRO.*

FILED

FEB 12 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )       ~~Civil No. 96-1101-E~~
                                )       Crim. No. 92-0026-E
              Plaintiff,        )
                                )
      v.                        )            O R D E R
                                )
MICHAEL CLEMENT CARACCI,        )
                                )
              Defendant.        )
_____)

## BACKGROUND

In 1992, Michael Clement Caracci was indicted with nine co-conspirators under the Racketeer Influenced and Corrupt Organization (RICO) statute, conspiracy to commit mail fraud, wire fraud, and interstate travel in aid of racketeering, and various substantive offenses for his participation in a scheme to operate gambling activities on the Rincon Indian Reservation.  Although Caracci was scheduled to go to trial with four co-defendants, the court severed Caracci's case due to his heart problems.  Following the trial of the co-defendants, Caracci entered into a plea agreement with the government.

Under the terms of the written plea agreement, Caracci agreed to enter a guilty plea to six counts and the government agreed to dismiss the remaining counts.  The six counts included conspiracy,

92CR0026

663

1 | wire fraud, extortion of three victims, and racketeering (which
2 | included six racketeering acts). The plea agreement recited that
3 | the Sentencing Guidelines applied, and set forth several agreements
4 | as to the calculation of the sentence under the Guidelines. The
5 | government agreed not to recommend a sentence above 71 months.
6 | Caracci agreed to waive his right to appeal the sentence if the
7 | sentence did not exceed 71 months.

8 | During the Rule 11 colloquy, the court established that
9 | Caracci understood the charges and the maximum penalties.
10 | Reporter's Transcript, April 19, 1993, at 4-6. The court informed
11 | Caracci that his sentence would be determined by the Guidelines,
12 | that the court would not be able to determine what the guideline
13 | would be until after the presentence report has been prepared, and
14 | that "because there are multiple counts, under the Guidelines,
15 | there may be an additional time factor that would be entered into."
16 | Id. at 5-6, 8-9. Caracci assured the court that he had discussed
17 | the application of the Guidelines with his attorney. Id. at 9.
18 | The court also advised Caracci that he and the government would
19 | have a right to appeal any sentence imposed. Id. Though given an
20 | opportunity to ask questions, Caracci had none. Id. at 14. The
21 | court accepted Caracci's plea of guilty. Id.

22 | At the sentencing hearing, Caracci stated that he had read and
23 | discussed the presentence report with his attorney. Reporter's
24 | Transcript, July 6, 1993, at 2. Caracci's attorney made three
25 | objections to the presentence report, and the court agreed with his
26 | contention that Caracci was entitled to the third point for accept-
27 | ance of responsibility. Id. at 3-7, 13-15. Although Caracci advo-
28 | cated a sentence with a range for 41 to 51 months, the court dis-

1  agreed and calculated the sentencing range at 63 to 78 months.  <u>Id.</u>
2  The court sentenced Caracci to 71 months.  <u>Id.</u> at 15-16.

3      In the course of discussing the terms of the plea agreement,
4  the government recited that Caracci had agreed to waive his right
5  to appeal if he received a sentence no greater than 71 months.  <u>Id.</u>
6  at 12.   At the conclusion of the hearing, the court initially
7  advised Caracci that he had the right to appeal the judgment.  <u>Id.</u>
8  at 20-21.   The court, however, immediately clarified that Caracci
9  had in fact waived his right to appeal in the plea agreement.  <u>Id.</u>
10  at 21.   Both counsel and Caracci acknowledged that he had waived
11  his right to appeal.  <u>Id.</u>

12      Caracci has filed a motion to vacate his sentence in which
13  he alleges that his attorney rendered ineffective assistance of
14  counsel by failing to advise him about the impact of the Guidelines
15  on his sentence, by failing to object to the sentencing calcula-
16  tion, by failing to explain the waiver of his right to appeal, and
17  by failing to challenge the indictment as multiplicitous.

18                          <u>**DISCUSSION**</u>

19      A defendant claiming ineffective assistance of counsel must
20  demonstrate that counsel's actions were outside the range of
21  professionally competent assistance, and that he was prejudiced by
22  counsel's actions.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687
23  (1984); <u>Iaea v. Sunn</u>, 800 F.2d 861, 864 (9th Cir. 1986) (applying
24  <u>Strickland</u> to guilty plea).  A defendant who enters a voluntary and
25  knowing guilty plea cannot seek collateral relief on the basis of
26  constitutional violations, including ineffective assistance, that
27  occurred before the entry of the plea.  <u>Tollett v. Henderson</u>,
28  411 U.S. 258, 267 (1973); <u>United States v. Bohn</u>, 956 F.2d 208, 209

                                    3                    92CR0026

1 (9th Cir. 1992) (per curiam). Rather, "[a] defendant may only

2 attack the voluntary and intelligent character of the guilty plea

3 by showing that the advice he received from counsel was not within

4 the range of competence demanded of attorneys in criminal cases."

5 Moran v Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (citations

6 omitted).

7     As to sentencing claims, a "mere inaccurate prediction,

8 standing alone, would not constitute ineffective assistance" of

9 counsel. Iaea, 800 F.2d at 865. A claim of ineffective assistance

10 will fail if the district court advised the defendant that the

11 sentence will be determined by the Guidelines, but that the actual

12 sentence cannot be predicted with accuracy until the completion of

13 the presentence report. United States v. Turner, 881 F.2d 684, 687

14 (9th Cir.), cert. denied, 493 U.S. 871 (1989).

15     (1) **Number of Units for Multiple Counts and Dismissed Counts**

16     In calculating the offense level on the RICO count, the

17 presentence report first defined and separated the racketeering

18 activity into six groups of related activity. The presentence

19 report then calculated the adjusted offense level for each group,

20 and determined that the greatest level was twenty-three. The

21 report then added five levels because there were more than five

22 units. U.S.S.G. § 3D1.4. Caracci argues that his attorney

23 rendered ineffective assistance because he did not explain that the

24 Guidelines provided for the additional increase based on multiple

25 counts. He therefore concludes that his guilty plea was unknowing

26 and involuntary. He further asserts that his attorney should have

27 objected to this calculation as it was based on conduct included in

28 the dismissed counts.

1    The court rejects the claim that the attorney failed to
2 inform Caracci about the impact of Guidelines because even assuming
3 that the attorney's performance fell below a reasonable level of
4 competence, Caracci was not prejudiced.  The court advised Caracci
5 that his sentence could be increased due to the multiple counts
6 before the court accepted his guilty plea.   The court further
7 advised Caracci of the maximum penalties for each count and that
8 his sentence under the Guidelines could not be determined with
9 precision until after the presentence report had been prepared.
10 The plea agreement contemplated a sentence not to exceed 71 months,
11 but it cautioned that the district court had the authority to
12 impose a higher sentence.   In light of these advisements, and
13 Caracci's affirmations that he understood these facts and had
14 discussed the Guidelines with his attorney, the court concludes
15 that Caracci cannot establish prejudice from the alleged deficient
16 advice from his attorney.  Turner, 881 F.2d at 687.

17    The court further rejects Caracci's claim that his plea was
18 involuntary as the court informed Caracci of the possible penalties
19 and the uncertainty of the final Guidelines range before accepting
20 Caracci's plea.  Id.

21    The court also concludes that the attorney did not render
22 ineffective assistance by failing to object to the multiple
23 count enhancement.   Caracci suggests that the enhancement was
24 illegal because some of the conduct within the groups had also
25 been charged in counts that the government dismissed pursuant to
26 the plea agreement.   The court discerns no error.   Caracci
27 relies on cases in which the courts have held that a district
28 court cannot base a departure on dismissed counts, e.g., United

1 States v. Faulkner, 952 F.2d 1066, 1069-71 (9th Cir. 1991), but
2 here there was no departure as the court calculated Caracci's
3 offense level based on the conduct in furtherance of the RICO
4 charge.   Caracci's argument stems from his failure to differ-
5 entiate between a departure and an adjustment.   Adjustments are
6 changes in the offense level within the Guidelines and are manda-
7 tory, whereas departures are sentences imposed outside the Guide-
8 lines and are discretionary.   E.g., United States v. Huckins,
9 53 F.3d 276, 279 (9th Cir. 1995).   A particular factor may be
10 inappropriate for departure even though it is a proper basis for
11 an adjustment.   E.g., United States v. Nuno-Para, 877 F.2d 1409
12 (9th Cir. 1989).   Thus, the cases cited by Caracci have no bearing
13 on his case, and his attorney did not err by failing to challenge
14 the sentence on this basis.

15      In any event, the sentence was not based upon the dismissed
16 counts themselves, but was based on the activities of racketeering
17 charged in the RICO count, including the extortion of certain
18 individuals, to which Caracci pleaded guilty.   United States v.
19 Morgano, 39 F.3d 1358, 1367 (7th Cir. 1994)   (explaining that
20 Guidelines consider the predicate racketeering acts such as
21 extortion relevant to computing the RICO sentence), cert. denied,
22 115 S. Ct. 2559 (1995).   In addition, the presentence report
23 correctly divided the activities into separate groups, despite
24 Carraci's contention that the enterprise had but a single goal.
25 United States v. Korando, 29 F.3d 1114, 1120 (7th Cir.) (sentenc-
26 ing court properly added units for two arsons as racketeering
27 activity under the RICO guideline, despite defendant's argument
28 that they were both part of the same scheme to defraud), cert.

6                              92CR0026

1   denied, 115 S. Ct. 496 (1994).   Because RICO involves a wide

2   range of activities, the sentencing range may be established

3   by the underlying   racketeering   activities,   whether   or   not

4   defendant is also convicted of the substantive crimes based

5   on the same conduct.   United States v. Carrozza, 4 F.3d 70, 74-79

6   (1st Cir. 1993) (the RICO Guideline includes all relevant conduct,

7   whether or not charged separately, in furtherance of the racket-

8   eering predicate acts that are charged), cert. denied, 114 S. Ct.

9   1644 (1994); United States v. Masters, 978 F.2d 281, 284-85 (7th

10  Cir.) (district court could consider murder as underlying racket-

11  eering activity even though defendant had not been convicted of

12  it because Guidelines speaks to the underlying "activity," not

13  "conviction"), cert. denied, 500 U.S. 919 (1991); U.S.S.G.

14  § 2E1.1(a)(2).   Consequently, the attorney was not incompetent

15  by failing to challenge this proper calculation of the sentence

16  and Caracci was not prejudiced.

17       Caracci also argues that the attorney should have objected to

18  the adjustment because it should have been applied to his criminal

19  history score.   This argument fails to distinguish between conduct

20  that was in furtherance of the racketeering activity, as in

21  Caracci's case, which is treated as an adjustment to the offense

22  level; and conduct that is outside the racketeering activity, which

23  is then considered in relation to the criminal history score.

24  United States v. DiDomenico, 78 F.3d 294, 304-05 (7th Cir.) (citing

25  United States v. Dawson, 1 F.3d 457 (7th Cir. 1993)), cert. denied,

26  117 S. Ct. 507 (1996).   As there was no error in the calculation of

27  the sentence, the attorney was not incompetent for failing to

28  object and Caracci suffered no prejudice.

(2) **Waiver Right to Appeal Sentence**

Caracci argues that he did not knowingly and voluntarily waive his right to appeal.  Caracci complains that the court gave him inconsistent warnings about his right to appeal on the day of his guilty plea and his sentencing.

A defendant may waive the statutory right to appeal his sentence provided that the waiver is knowingly and voluntarily made.  United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.), cert. denied, 116 S. Ct. 430 (1995).  The court looks "to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily."  Id.  The district court is not required, either at the time of the plea hearing or the sentencing hearing, to warn the defendant that he has waived his appellate rights.  Id. at 917 n.2 (citing United States v. De Santiago-Martinez, 38 F.3d 394, 395-96 (9th Cir. 1992), cert. denied, 115 S. Ct. 939 (1995)).  After imposing sentence, however, the court is required to notify the defendant of his right to appeal.  Fed. R. Crim. P. 32(c)(5).  If the district court orally advises the defendant at the sentencing hearing that he has the right to appeal despite the waiver of that right within the plea agreement, then the defendant may possess a reasonable expectation that his appellate rights remain unimpaired, and the waiver in the plea agreement will be unenforceable.  Buchanan, 59 F.3d at 917-18.

Here, the record establishes that Caracci knowingly and voluntarily waived his right to appeal.  Caracci has a G.E.D.  Caracci signed the plea agreement that recited his waiver, and he assured the court that he had read and discussed the terms of the agreement

1  with his attorney.  That agreement shows that Caracci promised not
2  to appeal a sentence unless it exceeded 71 months.  The language
3  was clear and simple.  The declaration from Caracci's attorney
4  reflects that he discussed in detail the waiver of the right to
5  appeal with Caracci.  These facts show that the waiver of the right
6  to appeal was knowing and voluntary at the time that Caracci made
7  the agreement with the government.  De Santiago-Martinez, 38 F.3d
8  at 395; United States v. Michlin, 34 F.3d 896, 899 (9th Cir. 1994).
9      Before taking the plea, the court advised Caracci that he,
10  like the government, had the right to appeal any sentence imposed.
11  In light of the terms of the plea agreement, Caracci agreed to
12  waive his appellate rights under certain conditions.  Although the
13  court's statement may have created an uncertainty at the time of
14  taking the plea, the court clarified that the waiver applied at
15  the sentencing hearing.  All parties discussed the waiver at the
16  sentencing hearing and Caracci acknowledged that he had waived his
17  right to appeal if the sentence was within the range set forth in
18  plea agreement.  Accordingly, Caracci is not entitled to the relief
19  he seeks as he did not possess a reasonable expectation of the
20  right to appeal the 71 month sentence imposed by the court.
21      (3)  **Multiplicitous**
22      Caracci contends that a competent attorney would have
23  challenged the indictment as containing multiplicitous counts on
24  the extortion activities because the extortion victims were named
25  in substantive extortion counts and as predicate acts within the
26  RICO charge.
27      An indictment is multiplicitous if one crime has been divided
28  into separate counts, that is too many counts per offense.  United

9                                          92CR0026

1 | States v. Kennedy, 726 F.2d 546, 547-48 (9th Cir.), cert. denied,
2 | 469 U.S. 965 (1984).

3 |   Because this alleged violation occurred prior to Caracci's
4 | guilty plea, he is barred from raising it.  Tollett, 411 U.S. at
5 | 267; Bohn, 956 F.2d at 209 (guilty plea waived defendant's claim
6 | that he received ineffective assistance at an in camera hearing
7 | prior to the entry of the plea).

8 |   Moreover, the claim lacks merit as it is well established that
9 | the government may charge both RICO and the underlying substantive
10 | crimes in the same indictment.  See Morgano, 39 F.3d at 1367 (RICO
11 | and the predicate acts are not the same offense).  Such is the case
12 | here as to the RICO count, which includes specific activities in
13 | furtherance of the racketeering, and the underlying substantive
14 | counts of extortion.  Thus, Caracci's attorney was not incompetent
15 | for failing to attack the indictment on this basis.

### CONCLUSION

17 |   Upon due consideration of the parties' memoranda and exhibits,
18 | a review of the record, and for the reasons set forth above, the
19 | court hereby denies Caracci's §2255 motion to vacate his sentence
20 | [# 652].

21 |   DATED:  February 10, 1997.

                                    WILLIAM B. ENRIGHT, Judge
                                    United States District Court

Copies to:
All parties

10                                  92CR0026